UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RONALD DEAN BANSE, | ) |
| Petitioner, | ) |
| v. | ) No. 2:11-cv-156-JMS-DKL |
| CHARLES L. LOCKETT, | ) |
| Respondent. | ) |

**Entry and Order Directing Dismissal of Action**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition. This conclusion is compelled by the following facts and circumstances:

1. Ronald Dean Banse ("Banse") is confined at a federal prison in this District and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3) based on his contention that the Federal Bureau of Prisons ("BOP") has improperly retained him in a prison rather than a community-based halfway house during the last 10% of his sentence.

2. The pivotal point for the present is understanding what remedy is authorized and appropriate for Banse's challenge. As noted in *Jasperson v. Federal Bureau of Prisons,* 460 F.Supp.2d 76, 81 (D.D.C. 2006), the Seventh Circuit has held that habeas is not an available remedy in this context, but rather that prisoners must bring civil actions utilizing the Administrative Procedures Act. This was determined in *Richmond v. Scibana,* 387 F.3d 602 (7th Cir. 2004), and is fatal to Banse's claim here.

3. Banse's habeas petition shows on its face that he is not entitled to the relief he seeks. His motion to expedite [2] is **denied as moot.** Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 06/23/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana